IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORA MARQUEZ, as conservator
for Julian Marquez, nfr Julian Marquez;
and JULIAN MARQUEZ,

           Plaintiffs,

vs.                                                           CIVIL NO. 00-1055 PK/LFG-ACE

CITY OF BELEN et al.,

           Defendants.

## FINDINGS OF FACT
## AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on an application for approval of a settlement. Court approval is necessary due to the disability and incompetency of the real party in interest, Julian Marquez. Having heard the presentations of counsel and the testimony of the witnesses, and having considered the recommendation of the Court's guardian ad litem, the Court finds:

1. Plaintiff Nora Marquez brings this action as the Court-appointed conservator for her son, Julian Marquez.

2. Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983, under the Fourth and Fourteenth Amendment to the United States Constitution, and for assault, battery, negligence and under a theory of *respondeat superior* against the City of Belen for the actions and alleged negligence of individual law enforcement officers.

3. The incident giving rise to this lawsuit occurred on April 23, 1999. The following contentions are drawn from the parties' Initial Pretrial Report [Doc. 40].

On April 23, 199, Julian Marquez was driving south on Interstate 25 in a stolen truck towing a trailer with a small tractor on it. There was a passenger in the truck with him. Officers of the Belen Police Department ("BPD"), including Defendant Julian, pursued Mr. Marquez for a considerable distance on Interstate 25. Mr. Marquez executed a U-turn on the interstate and proceeded in the opposite direction. Defendant Julian pulled into the median and parked. He retrieved an automatic weapon known as a MP5, and fired about ten (10) nine-millimeter (9-mm.) rounds at Mr. Marquez. One of the rounds went through the back window of the truck Mr. Marquez was driving and struck Mr. Marquez squarely in the back of the head.

Defendants deny Plaintiff's contentions. They contend that the force used was appropriate under the following circumstances: Marquez was driving a stolen truck, with a suspended license and with a warrant for his arrest. Marquez had refused to stop for any of the police agencies that were trying to apprehend him. Marquez' conduct and reckless operation of the stolen vehicle endangered the lives of the citizens of the community and the police officers. Marquez was under the influence of cocaine at the time of the shooting. The officers had exhausted all reasonable means to apprehend Marquez and the use of deadly force was therefore justified.

4. Both Plaintiff and Defendants filed motions for summary judgment, and the motions were pending at the time the parties proceeded to a Fed. R. Civ. P. 16 settlement conference and subsequent settlement discussions following the conference.

5. Julian Marquez suffered a catastrophic brain injury as a result of the shooting, has been declared disabled by the Social Security Administration, and is currently the recipient of significant Medicaid benefits.

6. As a result of the settlement conference and the parties' subsequent settlement discussions, including an evaluation of the strengths and weaknesses of their respective positions, and the substantial injuries involved, the parties agreed to settle, subject to the Court's approval, all of Plaintiff's claims for a total of $350,000.

7. Of that sum, Plaintiff was responsible for satisfying all subrogated healthcare provider claims and all Medicaid claims. After significant negotiations, Medicaid and other healthcare providers were willing to compromise their claims and accept the sum of $25,000 in full satisfaction. The $25,000 will be paid by Plaintiff from the $350,000 final settlement amount.

8. The sum of $155, 000 will be used to compensate Plaintiff's attorneys and to pay for Plaintiff's costs of litigation. The $155,000 is to be paid Plaintiff's attorneys from the $350,000 settlement.

9. The balance of $170,000 is to be placed in a structured annuity to be paid into a special needs fund to be established on behalf of Julian Marquez. The parties propose that the structured annuity be placed with Hartford Life Insurance Company, which carries an AM Best rating of A+ 15 superior, and has current assets of $83.9 billion.

10. In summary form, the trust will pay into a special needs fund a monthly amount of $1,053.61 for the duration of Julian Marquez' lifetime. The annuity has a guaranteed pay for twenty years. Thus, there is a guaranteed minimum payout of $252,866. Should Julian Marquez die before the twenty years, the payment stream for the remainder of the twenty-year period would be paid to his estate. Julian Marquez is presently age 36, and has a sole heir, a daughter.

11. On October 16, 2001, the Court appointed attorney Kevin Martinez as guardian ad litem [Doc. 94]. The guardian ad litem conducted extensive and in-depth work on this case, including review of the pleadings and the parties' documents submitted in support of and in opposition to motions for summary judgment; he interviewed the family, including Nora Marquez and Julian Marquez; he interviewed the proposed trustee, attorney Mark Sanchez; and conducted an independent evaluation on the strengths and weaknesses of the case. The guardian ad litem concludes

that the damages suffered by Julian Marquez are astronomical, but liability is questionable, and under those circumstances, a settlement of $350,000 is reasonable.

12. The guardian ad litem noted that payment of the funds directly to Nora Marquez would adversely effect Julian Marquez' eligibility for Medicaid benefits, and, therefore, the guardian ad litem recommended the establishment of a special needs trust, and independently evaluated the benefits of various structured programs available to the parties. After his evaluation, he concluded that the annuity through Hartford Life Insurance Company would provide the greatest benefit for Julian Marquez during the course of his life, with minimal interference with his continued eligibility for Medicaid benefits. After consideration of all relevant factors, the guardian ad litem recommended that the Court approve the settlement as being in Julian Marquez' best interests.

13. The conservator, Nora Marquez, participated in all settlement discussions, and at the time of her participation, was not under the influence of any medication, drugs, alcohol or any other substance that would interfere with her ability to understand the discussions.

14. Nora Marquez understands that she is under no obligation to settle the case and is free to proceed to a trial, but is cognizant of the risks of proceeding to trial and of the benefits that accrue by a settlement. She considered her attorneys' advice, but makes an independent free and voluntary decision to settle this case on the terms proposed.

15. Nora Marquez states that the settlement was not the result of any force, threats or coercion or pressure from any person, party, attorney or court officer, but, rather, the settlement is a free and voluntary act on her part.

16. Nora Marquez is pleased with the legal representation she has received and has no complaints whatsoever about her attorneys or the level of their professional representation.

17. The proposed trustee, Mark Sanchez, is a licensed New Mexico attorney and is related to the Marquez family by marriage. He is an experienced attorney, having been licensed for a period of approximately twenty-five years, and in addition to the private practice of law, has served as an Assistant Attorney General for the State of New Mexico under three separate administrations. He is in good standing with the State Bar and is authorized to practice in federal court.

18. The parties are all aware that Mr. Sanchez has a familial relationship with the Marquez family, but rather than this being a detriment, it establishes a degree of trust between him and the Marquez family and the trustee has independent familiarity with Julian Marquez and his needs. He is ready, willing and able to serve as the trustee of the Julian Marquez special needs trust.

After consideration of the evidence, the presentations of counsel, and the report and recommendation of the guardian ad litem, the undersigned Magistrate Judge recommends that the settlement be approved and that this case be dismissed with prejudice.

_____
Lorenzo F. Garcia
United States Magistrate Judge